NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5074

ENERGY SECURITY OF AMERICA CORP.
and ALBERT CALDERON,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee,

Reina A. Calderon, Energy Security of America Corp., of Bowling Green, Ohio, argued for plaintiffs-appellants.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.

Appealed from: United States Court of Federal Claims

Senior Judge Eric G. Bruggink

# United States Court of Appeals for the Federal Circuit

2009-5074

ENERGY SECURITY OF AMERICA CORP.
and ALBERT CALDERON,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 08-CV-373,
Senior Judge Eric G. Bruggink.

—————————————————

DECIDED:  December 15, 2009

—————————————————

Before RADER, PLAGER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Appellants Energy Security of America Corp. and Albert Calderon filed a complaint in the United States Court of Federal Claims alleging that actions and inactions taken by the Department of Energy effected a Fifth Amendment taking of property rights in connection with patents owned by Appellants.  The trial court dismissed Appellants' complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) because their claim was barred by the statute of

limitations.[1] The trial court further concluded that even if the claim was not time-barred, the complaint should be dismissed under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.

We have reviewed the trial court's thorough and well-reasoned opinion, read the briefs with care, and listened attentively to the arguments of counsel, but we can find no basis on which to reverse the trial court's findings and conclusions. Accordingly, we must affirm the judgment of the trial court.

COSTS

Each party shall bear its own costs.

---

[1] Energy Sec. of Am. Corp. v. United States, 86 Fed. Cl. 554 (2009).